UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

SUMMIT VIEW, LLC

CASE NO. 8:19-bk-10111-MGW
Chapter 11

Debtor.
_____/

### DEBTOR'S AMENDED APPLICATION FOR AUTHORITY TO EMPLOY WRIGHT FULFORD MOORHEAD & BROWN, PA AND BRETT T. WILLIAMS, ESQ., AS SPECIAL COUNSEL TO THE DEBTOR

Debtor, SUMMIT VIEW, LLC ("Debtor"), by and through its undersigned counsel, hereby files this Amended Application for Authority to Employ Wright, Fulford, Moorhead & Brown, PA and Brett T. Williams, Esq. as Special Counsel for the Debtor ("Amended Application") and states:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On October 24, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. An Official Committee of Unsecured Creditors ("Committee") has not been appointed in this case.

**BASIS FOR APPLICATION**

3. On November 12, 2019, the Debtor filed an Application for Authority to Employ Wright, Fulford, Moorhead & Brown, PA and Brett T. Williams, Esq. as Special Counsel (collectively, "Special Counsel") for the Debtor ("Application") (Doc. No. 22) in connection with all matters associated with the State Court case pending in the Sixth Judicial Circuit in and for Pasco County titled *Roberto Valdez vs. Summit View, LLC; JES Properties, Inc., CWES III,*

1

*LLC; Douglas J. Weiland and Elizabeth C. Cirna.*, Case No. 18-CA-002117 ("Valdez Litigation"). Special Counsel was hired by the Debtor's insurance carrier, Auto-Owners Insurance Company ("Auto-Owners"). Special Counsel also represents CWES III LLC, the Debtor's member, JES Properties Inc., the Debtor's managing member, and Douglas J. Weiland, the president of JES Properties, Inc. (collectively the, "Codefendants") in the State Court Litigation.

4. On November 26, 2019, the Court entered an Order Approving the Application and authorizing the Debtor to employ Wright, Fulford, Moorhead & Brown, PA and Brett T. Williams, Esq. as Special Counsel in this case ("Order") (Doc. No. 41).

5. On January 22, 2020, the Debtor removed the Valdez Litigation to the Bankruptcy Court and has been assigned Adversary Proceeding Case No. 8:20-ap-00059-MGW.

6. The Debtor files this Amended Application in an abundance of caution in order to disclose the additional services that Special Counsel will be providing in this case.

7. In addition to Special Counsel representing the Debtor and Codefendants in the Valdez Litigation, Special Counsel will now also be representing JES Properties, Inc. and Douglas Weiland ("Codefendants") in the pending adversary case of *Harry and Janet Denlinger vs. Summit View, LLC; City of Dade City, Michael Sherman, Keene Services, LLC; Southwest Florida Water Management District, Brian Armstrong and Florida Design Consultants, Inc.*, Adversary Proceeding Case No. 8:19-bk-00610-MGW ("Denlinger Litigation").

8. The Debtor will not be paying any fees and costs of Special Counsel for the representation described herein. The fees and costs of Special Counsel will be paid by Auto-Owners in connection with the Valdez Litigation and Douglas Weiland will be paying the fees and costs of Special Counsel in connection with the Denlinger Litigation.

9. Special Counsel is duly admitted to practice in the Middle District of Florida and the State of Florida.

10. Special Counsel has been selected because Special Counsel has considerable experience and is well qualified to represent the Debtor and Codefendants in connection with these matters.

11. To the best of the Debtor's knowledge, Special Counsel has no connection with the Debtor, any creditor or any other party in interest or their respective attorneys except as described herein and in the Affidavit in Support of Debtor's Application for Approval of Employment of Special Counsel for the Debtor is attached hereto as Exhibit "A" and by reference incorporated herein ("Affidavit").

13. Special Counsel represents no interest adverse to the Debtor or to the estates in the matter upon which it is to be engaged by the Debtor and its employment would be in the best interest of the estate.

WHEREFORE, the Debtor respectfully requests that it be authorized to employ and appoint Wright, Fulford, Moorhead & Brown, PA and Brett T. Williams, Esq. as special counsel to the Debtor and Codefendants in the Valdez Litigation and to Codefendants only in the Denlinger Litigation, and for such other and further relief as is just.

[REMAIDER OF PAGE LEFT INTENTIONALLY BLANK]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Application to Employ Special Counsel has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the Office of the U.S. States Trustee, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; Summit View, LLC, Attn: Douglas J. Weiland, 334 East Lake Road., Ste. 172, Palm Harbor, FL 34685 and all the parties receiving electronic notice via the Court's CM/ECF system on March 31, 2020.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto ("Al") F. Gomez, Jr. (FBN: 784486)
401 E. Jackson Street Ste. 3100
Tampa, FL 33602
Telephone:   813-225-2500
Facsimile:   813-223-7118
Email: Al@jpfirm.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

SUMMIT VIEW, LLC

CASE NO. 8:19-bk-10111-MGW
Chapter 11

Debtor.
_____/

**AFFIDAVIT OF PROPOSED ATTORNEY IN SUPPORT OF THE AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL FOR THE DEBTOR**

STATE OF FLORIDA        )
COUNTY OF SEMINOLE      )

BRETT T. WILLIAMS, Esq., being duly sworn according to law upon his oath, deposes and says:

1. I am a litigation attorney employed by Wright, Fulford, Moorhead & Brown, PA which is located at 505 Maitland Avenue, Ste. 1000, Altamonte Springs, FL 32701 ("Law Firm"). I am duly authorized to practice law in the State of Florida and to appear in the Federal Courts of the United States of America, Middle District of Florida.

2. This affidavit is submitted in order to comply with 11 U.S.C., 327, 328(a) and 329(a) and Federal Rules of Bankruptcy Procedures Rules 2014 and 2016.

3. To the best of my knowledge, information and belief, no individuals at the Law Firm have had any connection with Summit View, LLC (the "Debtor"), their attorneys or accountants, the United States Trustee for Region 21 or any person employed by the office of the United States Trustee in this district, or any other parties in interest herein, except as described herein.

Exhibit "A"

4. To the best of my knowledge, information and belief, no person at the Law Firm holds any interest adverse to any such party in respect to the matter for which they will be engaged.

5. To the best of my knowledge, the Law Firm does not hold any interest adverse to the Debtor, the United States Trustee for Region 21 or any person employed by the Office of the United States Trustee in this District or any other parties in interest herein, nor does the Law Firm represent any client which holds any such adverse interest.

6. In preparing this affidavit, I reviewed the Debtor's bankruptcy schedules and lists that have been filed in this Court. I also compared the information contained in those schedules and lists with the information contained in my law firm's client and adverse party conflict check index system. The facts stated in this affidavit as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by in the office of the United States Trustee, and those persons and entities who are defined as not disinterested persons in Section 101(14) of the Bankruptcy Code are based upon the results of our review of my firm's conflict check index system.

7. My law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am the person who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

8. Based on the foregoing, the Law Firm and I are disinterested and do not hold or represent an interest adverse to the estate or the Debtor as required by 11 U.S.C. Section 327. The Law Firm has fully disclosed all connections.

9. No attorney in my firm holds a direct or indirect equity interest in the Debtor or has a right to acquire such an interest.

10. No attorney in my firm is or has served as an officer, director, or employee of the Debtor within two years before the petition filing.

11. No attorney in my firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

12. No attorney in my firm is a general or limited partner of a partnership in which the Debtor is also general or limited partners.

13. No attorney in my firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor, within two years before the filing of the petition.

14. No attorney in my firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three years before the filing of the petition.

15. No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate on any matter substantially related to the bankruptcy case, except as described herein.

16. No attorney in the firm represents an insider of the Debtor or any of the Debtor's affiliates.

17. The Law Firm has no connection with and holds no interest adverse to the Debtor, or the estate.

18. No attorney in the firm holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case.

19. There is no agreement of any nature, other than the shareholder agreement of my firm, as to the sharing of any compensation to be paid to the firm.

20. No attorney in the firm has any other connection with the Debtor or creditors except as noted above.

21. No attorney in the firm has any other connection with the United States Trustee, or any employee of that office, or any other parties in interest.

22. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed retention.

23. The Law Firm has agreed to provide assistance to the Debtor, and I make this Affidavit in support of an Order authorizing such intention and employment.

24. The Law Firm will primarily represent the Debtor, JES Properties, Inc., CWES III, LLC and Douglas J. Weiland in connection with the Adversary Proceeding Case titled *Roberto Valdez vs. Summit View, LLC; JES Properties, Inc., CWES III, LLC; Douglas J. Weiland and Elizabeth C. Cirna.*, Case No. 8:20-ap-00059-MGW ("Valdez Litigation").

25. The Law Firm will also represent non-debtor Codefendants, JES Properties, Inc. and Douglas Weiland in connection with the Adversary Proceeding titled *Harry and Janet Denlinger vs. Summit View, LLC; City of Dade City, Michael Sherman, Keene Services, LLC;*

4

*Southwest Florida Water Management District, Brian Armstrong and Florida Design Consultants, Inc.*, Case No. 8:19-bk-00610-MGW ("Denlinger Litigation").

26. The Law Firm has represented the Debtor, CWES III LLC, JES Properties Inc., and Douglas J. Weiland pre-petition with respect to the Valdez Litigation and has been engaged by the Debtor's insurance carrier, Auto-Owners Insurance Company ("Auto-Owners"). It is the intention of Auto-Owners that all the Law Firm's fees and costs associated with the Valdez Litigation will be paid by Auto-Owners, and not the Debtor.

27. Additionally, all of the Law Firm's fees and costs associated with the Denlinger Litigation will be paid by Douglas Weiland, and not the Debtor.

FURTHER AFFIANT SAITH NOT.

BRETT T. WILLIAMS, ESQ.

Before me, on the 31st day of March, 2020, the undersigned personally appeared BRETT T. WILLIAMS, ESQ. being first fully sworn, and who is personally known to me, who did/did not take an oath, deposes and says that the foregoing statements contained herein are true to the best of his knowledge and belief.

My Commission No.:
My Commission Expires:

NOTARY PUBLIC

J. Blackmon
PRINT NAME

JENNIFER BLACKMON
MY COMMISSION # GG 286424
EXPIRES: March 15, 2023
Bonded Thru Notary Public Underwriters

5