**[Doepvhlt]** [District Order Establishing Procedures for Video Hearings – Limited Parties]

ORDERED.

**Dated: November 05, 2020**

Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                             Case No.
                                                   8:19–bk–10111–MGW
                                                   Chapter 11

Summit View, LLC

_____ Debtor* _____/

<u>ORDER ESTABLISHING PROCEDURES FOR VIDEO HEARINGS</u>

This order sets procedures to use at video hearings conducted in this case. Under Federal Rule of Civil Procedure 43, made applicable in this case under Federal Rule of Bankruptcy Procedure 9017, the Court, for good cause in compelling circumstances and with appropriate safeguards, may permit testimony in open court by contemporaneous transmission from another location. The Centers for Disease Control has recommended that all individuals practice "social distancing" and avoid close contact to prevent the spread of the COVID–19 virus. The Court finds that the need for social distancing constitutes good cause and compelling circumstances to permit court hearings and testimony by video.

Accordingly, it is

 **ORDERED:**

1. The hearing scheduled for December 7, 2020 at 11:00 AM (the "Hearing"), shall take place via ZOOM.

2. Register for Zoom Meeting at https://pacer.flmb.uscourts.gov/fwxflmb/zoom/.

3. Parties that wish to listen only, who do not anticipate active participation, or who lack technology to participate by video may participate via CourtCall by calling (866–582–6878) for Judges Delano, Funk, Jackson, Jennemann, McEwen, and Vaughn, or through Court Solutions (www.court–solutions.com) for Judges Williamson and Colton, and following the procedures for telephonic appearances posted in the Procedure Manual on the Court's website. To clarify, direct or cross examination of a witness is active participation. No participant may question a witness or make an evidentiary objection using CourtCall or Court Solutions.

4. Witnesses must participate by video. Counsel for the party presenting the witness must coordinate all aspects of the witness's participation including designating an estimated time when the witness will connect to the video conference, establishing an off–line method to contact the witness, and implementing safeguards to insure a witness is sequestered until called. The party sponsoring a remote witness is responsible for supplying all exhibits, deposition transcripts and other needed papers prior to the hearing. Failure to properly sequester a witness could result in sanctions against the attorney and the party calling the witness. Only one participant is permitted per video link, i.e., each participant must use a separate computer and video camera to connect to the Hearing.

5. Under Federal Rule of Civil Procedure 43(a), made applicable by Federal Rule of Bankruptcy Procedure 9017, witnesses will testify remotely by contemporaneous transmission, will be sworn in by video, and their testimony will be accepted and binding as if they were testifying live in the courtroom.

6. During the Hearing, all participants must:

   a. Dress in appropriate court attire (if appearing by video);

   b. Mute their microphone when not speaking;

   c. Wait until called upon by the Court before speaking;

   d. Not speak over other participants;

   e. Participate from a quiet location; and

   f. Announce themselves prior to speaking.

7. Parties are reminded about the requirements of Local Rule 9070–1 regarding the filing and use of exhibits. The requirement in Local Rule 9070–1(c)(2) to provide additional paper copies of exhibits to be used by witnesses is waived, except that a party shall deliver a binder or binders of exhibits at least forty–eight (48) hours before the Hearing to:

   a. Any *pro se* party;

   b. Any party that requests a copy; and

   c. All witnesses.

8. Participants are reminded that photographing, recording or further broadcasting the Hearing is strictly prohibited. Violation of these prohibitions may result in sanctions. All hearings will continue to be recorded using the Court's official digital recording system. The process for requesting an official transcript has not changed.


   The Clerk is directed to serve a copy of this order on all interested parties.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.